```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEYSEAN L. KEYES, #15008025,

                Plaintiff,         ORDER
                                   17-CV-1363 (JS)(GRB)
        -against-

DISTRICT ATTORNEY'S OFFICE
and MADELINE SINGAS,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Keysean L. Keyes, pro se
                    15008025
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On March 2, 2017, incarcerated pro se plaintiff Keysean L. Keyes ("Plaintiff") commenced this action. Plaintiff did not pay the Court's filing fee nor did she file an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated March 10, 2017 (the "Notice"), Plaintiff was advised that, in order for her case to proceed, she must either: (1) remit the $400 filing fee, or (2) complete and return the application to proceed in forma pauperis and Prisoner Authorization form ("PLRA") within fourteen (14) days from the date of the Notice. (See Docket Entry 2.) The Notice cautioned Plaintiff that her failure to timely remit the filing fee or file the in forma pauperis

application and PLRA may lead to the dismissal of this case for failure to prosecute. However, on March 22, 2017, the Notice was returned to the Court and was marked "undeliverable" and "return to sender". (See Docket Entry 5.) To date, Plaintiff has not paid the filing fee or filed an application to proceed in forma pauperis, nor has she updated her address or otherwise communicated with the Court about this case.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962)); see also FED. R. CIV. P. 41(b). Courts have repeatedly found that "dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Kuar v. Mawn, No. 08-CV-4401, 2012 WL 3808620, at *3 (E.D.N.Y Sept. 4, 2012) (internal quotation marks, citation, and alteration omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the

>defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff=s interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000); see, e.g., Jackson v. City of N.Y., 22 F.3d 71, 74-76 (2d Cir. 1994); see also Peart v. City of N.Y., 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981))). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." Nita v. Conn. Dep't of Env. Prot., 16 F.3d 482, 485 (2d Cir. 1994). In addition, "[w]hen a party changes addresses, it is his or her obligation to notify the Court of the new address." Garcia v. Hynes, No. 08-CV-2155, 2009 WL 890640, at *1 (E.D.N.Y. Mar. 31, 2009) (citing Concepcion v. Ross, No. 92-CV-0770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)) (citing Local Civil Rule 1.3(d) and holding "[t]he responsibility for keeping the court informed of changes of address rests with the petitioner.").

Here, Plaintiff has failed to communicate with the Court about this case since filing her Complaint and appears to no longer be at the address listed in her Complaint. Nor has she filed a

Notice of Change of Address. Thus, it appears Plaintiff is no longer interested in pursuing this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to Defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case. However, under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to Defendants by retaining open lawsuits with no activity. Accordingly, in consideration of the above factors, the case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall enter judgment accordingly and mail a copy of this Order to the pro se Plaintiff at her last known address.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to DISMISS this case WITHOUT PREJUDICE and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBER
Joanna Seybert, U.S.D.J.

Dated: June  30 , 2017
       Central Islip, New York

cc: Keysean L. Keyes
    P.O. Box 1812
    Mineola, NY 11501